IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STEPHEN A. ZRENDA, JR., ]
]
Plaintiff, ]
]
vs. ] Case No. CIV-12-773-F
]
NEW YORK LIFE INSURANCE COMPANY, ]
a New York corporation, ]
]
Defendant. ]

## COMPLAINT

COMES NOW Stephen A. Zrenda, Jr. (the "Plaintiff") and for his causes of action against the Defendant New York Life Insurance Company, a New York corporation (the "Defendant"), hereby alleges and states his causes of action against the Defendant as follows:

### JURISDICTION AND VENUE

1. The Plaintiff is a citizen and resident of Oklahoma County, State of Oklahoma.

2. The Defendant, New York Life Insurance Company is a foreign corporation with its principle place of business in New York City, New York, and is a corporation incorporated under the laws of the State of New York, and Defendant conducts business in the State of Oklahoma as an insurance company during all relevant times. The Defendant sold income protection insurance policies to Plaintiff in the State of Oklahoma.

3. Plaintiff alleges injuries and damages in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest. There exists diversity of citizenship among the parties 28 U.S.C §1332. This Court has jurisdiction and venue over this case.

## COUNT I

## BREACH OF CONTRACT

**COMES NOW**, the Plaintiff, individually, and for his first cause of action re-alleges and restates, *in toto*, and adopts by material reference, all allegations contained in the complaint and the first cause of action and further alleges and states as follows:

4. The Plaintiff for his first cause of action against the Defendant, claims that the Defendant, through its agents The Paul Revere Life Insurance Company, a Massachusetts corporation and a subsidiary of the UNUM Group, a Delaware corporation (hereinafter called "Paul Revere"), has breached the terms and provisions of its income protection insurance policies with the Plaintiff by denying and refusing to pay benefits to the Plaintiff under the terms and conditions of two income protection insurance policies issued to the Plaintiff.

5. In 1984, the Defendant issued an income protection insurance policy to the Plaintiff as the owner and the insured person (Policy Number H3012064) that provided for a maximum monthly benefit for a covered income loss which was and is $4,100.00 per month. The term of the policy was originally scheduled to end during 2010, unless conditionally renewed to age 75. The Plaintiff renewed this policy with the Defendant prior to the expiration date of its primary term which created a new expiration date of the policy with the Defendant to 2020.

This income insurance policy specifically provides that Stephen A. Zrenda, Jr. is the owner of the Policy and is also the insured person.

6. In 1984, the Defendant also issued an additional income protection insurance policy to the Plaintiff as the owner and the insured person (Policy Number H2729587) that provided a monthly maximum benefit for a covered income loss which was and is $1,000.00 per month. The original term of the policy was scheduled to end during 2010, unless conditionally

renewed to age 75. The Plaintiff renewed the policy with the Defendant prior to the expiration of its primary term which created a new expiration date of the policy with the Defendant to 2020.

This income protection policy also specifically provides that Stephen A. Zrenda, Jr. is the owner of the policy and is also the insured person.

7. The Policies each provide that the Plaintiff is the owner unless the Policy states otherwise. The Policies do not state otherwise, and therefore the Plaintiff is the insured person as well as the owner of the Policies.

8. The Policies provide that: "Starting at age 65, if this Policy is then in force, it may be renewed until age 75, if the insured works full time at a job and gets paid for that job, and the premiums for this Policy are paid when due...."

9. The Plaintiff elected to renew the Policies with the Defendant until the age of 75, and the Defendant renewed the Policies. As a result of the renewal process of the subject Policies, the renewed Policies became "new" policies of insurance and are "new contracts" under Oklahoma law, and do not merely constitute the continuation of such Policies.

10. During the primary terms of the Polices which ended in 2010 (approximately 26 years after their issuance), the premiums were paid to the Defendant in full, and the Plaintiff otherwise complied and/or conformed to all of his obligations under the terms and conditions of the Policies.

11. In November 2009, the Plaintiff suffered a stroke that was caused by a heart condition comprised of a growth referred to as a vegetation near the aortic valve of the heart, believed to be a papillary fibroelastoma and a patent foramen ovale. As a result, the Plaintiff suffered heart damage and suffered a stroke that resulted in a substantial and permanent vision impairment and other medical problems. These conditions adversely affected the Plaintiff's ability to work normally and effectively, and resulted in a significant decline in income. The

vision disability caused by the heart condition and the resulting stroke has been characterized as a vision deficit disability due to "…right homongymous hemianopia following a cerebrovascular accident"; in general terms, this caused the Plaintiff to become effectively blind on the right side of both eyes.

12. During the primary term of the Policies, the Plaintiff submitted claims under the Policies arising from the November 29, 2009 heart condition and stroke, and the Defendant initially delayed but eventually paid income protection benefits to the Plaintiff under each of the Policies.

13. Prior to the end of the primary term of the Policies that ended in 2010, the Plaintiff exercised his rights under the terms of the Policies to renew the Policies for a new additional term, and he has individually timely paid the premiums due in full to the Defendant since such Policies were renewed.

14. On October 4, 2011, the Plaintiff sent an Individual Disability Claim Form to the Defendant to request income protection benefits under the renewed Policies to The Paul Revere Life Insurance Company ("Paul Revere") as the administrator and agent of the Defendant New York Life Insurance Company, through its administrative agent, Paul Revere.

15. The Plaintiff received a letter dated November 28, 2011, from Paul Revere, as the agent of the Defendant, stating that the "…Individual benefit payments have not been approved. Our records indicate that the benefits have already been provided to the Maximum Benefit Term under your policies and therefore no further benefits are payable", which refers to the benefits paid to the Plaintiff during the primary term of the Policies.

16. On February 8, 2012, the Plaintiff appealed this decision to Paul Revere, the agent of the Defendant, as provided under the terms of the Policies and their administrative procedures.

17. On March 6, 2012, Defendant through its agent, Paul Revere, rejected and denied

the appeal of the Plaintiff based upon an artificially narrow and unreasonable interpretation of the Policies. It was the final decision of Defendant to deny the income protection benefits sought by the Plaintiff under the terms and conditions of the Policies as renewed by the Plaintiff and the Defendant.

18. That as a result of Defendant's unreasonable review and denial of benefits and breach of the income protection insurance contracts, the Plaintiff has suffered a loss of income protection benefits due under the Policies in the amount of in excess of $75,000.00, exclusive of attorney fees, costs and interest.

WHEREFORE, premises considered, Plaintiff prays for judgment on his first cause of action against the Defendant for the amount of his loss of income protection benefits in excess of $75,000.00, exclusive of attorney fees, costs and interest, together with the recovery of premiums paid by the Plaintiff during the disputed benefit period, and the award of attorneys' fees, lawful costs and interest, and for any further relief which this Court deems Plaintiff entitled.

## COUNT II

### TORTIOUS BREACH OF CONTRACT

19. The Plaintiff, for his second cause of action against the Defendant, alleges and restates the foregoing allegations of paragraphs 1 through 18 of the Complaint, and further alleges and states as follows:

20. The Plaintiff alleges and asserts that the breaches of the terms of the Policies by the Defendant and its denial of the claims for income protection insurance benefits of the Plaintiff were intentional and were wrongfully denied even after written notice to Paul Revere and an administrative appeal of its denial decision which constituted a tortious breach of contract of the terms of the Policies as renewed between the Plaintiff and the Defendant.

WHEREFORE, the Plaintiff prays on this cause of action that he recover judgment

*against the Defendant in an amount in excess of $75,000.00, as well as accrued interest thereon, and also for his consequential damages, attorneys' fees and costs regarding this action, and such other and further relief to which he may be entitled.*

## COUNT III

### BAD FAITH

21.  *The Plaintiff, for his third cause of action against the Defendant, alleges and restates the foregoing allegations of paragraphs 1 through 20 of this Complaint, and further alleges and states as follows:*

22.  *The Plaintiff alleges and asserts that the breaches of the terms of the Policies by the Defendant and its denial of the claims for income protection insurance benefits of the Plaintiff were intentional and were wrongfully denied even after written notice to the Defendant that the Policies were new contracts, that claims made and honored by the Defendant during the primary term of the Policies were not relevant or applicable in any way under the terms of the renewal Policies because such Policies were new contracts. Defendant's acts, conduct or omission are grossly negligent, intentional or reckless to a degree to warrant an award of bad faith damages to Plaintiff.*

*WHEREFORE, Plaintiff prays on this cause of action that he recover judgment against the Defendant in an amount in excess of $75,000.00 for actual damages and a sum in excess of $75,000.00 for punitive damages, as well as any accrued or accruing interest thereon, consequential damages, and attorneys' fees and costs regarding this action, and such other and further relief to which he may be entitled.*

## *COUNT IV*

### *ERISA AND OTHER CLAIMS*

23. The Plaintiff, in the alternative, for his fourth cause of action against the Defendant, alleges and restates the foregoing allegations of paragraphs 1 through 22 of this Complaint, and further alleges and states as follows:

24. That Plaintiff, by and through his attorneys, is unaware and unsure of whether this matter is governed by the Employee Retirement Income Security Act of 1974 (ERISA), as provided in 29 U.S.C. § 1001 et seq. That until discovery and/or a ruling by this Court determines whether these claims are or are not ERISA claims, Plaintiff claims benefits pursuant to ERISA.

25. That the acts and/or conduct and omissions of the Defendant in denying the Plaintiff's claims under the Policies constitute a breach of contract of the Plaintiff's rights under ERISA and pursuant to applicable statutory authority and/or substantive case law.

26. That Plaintiff is entitled to, and seeks, an award of actual damages and other consequential damages as against the Defendant for the acts and/or conduct and/or omissions of the Defendant for the mishandling of his ERISA controlled claims. The Plaintiff therefore prays for an award of actual damages in favor of the Plaintiff and against the Defendant for a sum in excess of $75,000.00, exclusive of costs and interest, and all other damages arising from the denial of income protection benefits regarding the Policies.

WHEREFORE, the Plaintiff, in the alternative for his fourth cause of action, prays for judgment on this cause of action in favor of the Plaintiff and against the Defendant for a sum in excess of $75,000.00, exclusive of costs and interest, together with the awarding of attorney's fees, costs, interest and any and all other relief this Court deems Plaintiff entitled.

Respectfully submitted,

/s/   Thomas J. Steece
Thomas J. Steece - OBA #11531
Oklahoma Legal Services, PLLC
12313 Hidden Forest Blvd.
Oklahoma City, OK 73142

Attorney Lien Claimed

JURY TRIAL REQUESTED

Telephone: 405-943-8300
Fax: 405-942-2661
E-mail: tsteece@coxinet.net

Attorney For The Plaintiff